4    *In re Thompson Boat Company*          No. 00-1233

case both parties agree that the issue is a purely legal question.

### III.

The Honorable Victoria A. Roberts, United States District Judge, prepared a well-reasoned opinion that thoroughly discusses and analyzes each issue presented in this case. Because we cannot improve upon the reasoning in Judge Roberts's excellent opinion and her conclusion that the UA's pre-petition liens do not reattach by operation of law to proceeds recovered by the bankruptcy trustee in post-petition preference actions, we adopt Judge Roberts's opinion as our own.

Accordingly, we **AFFIRM** the judgment of the district court.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0187P (6th Cir.)
File Name: 01a0187p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

In re: THOMPSON BOAT COMPANY,

           *Debtor.*

_____

RANDALL L. FRANK, Trustee,
       *Plaintiff-Appellee,*

      *v.*

MICHIGAN STATE UNEMPLOYMENT AGENCY, Department of Consumer & Industry Services,
      *Defendant-Appellant.*

No. 00-1233

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 99-10333—Victoria A. Roberts, District Judge.

Argued: April 24, 2001

Decided and Filed: June 6, 2001

Before:  RYAN and BATCHELDER, Circuit Judges;
MATIA, Chief District Judge.*

————————————

**COUNSEL**

**ARGUED:**    Donna K. Welch, OFFICE OF THE ATTORNEY GENERAL, Detroit, Michigan, for Appellant. Henry L. Knier, Jr., LAMBERT, LESER, GIUNTA, COOK & SCHMIDT, Bay City, Michigan, for Appellee. **ON BRIEF:**    Donna K. Welch, OFFICE OF THE ATTORNEY GENERAL, Detroit, Michigan, for Appellant. Henry L. Knier, Jr., LAMBERT, LESER, GIUNTA, COOK & SCHMIDT, Bay City, Michigan, for Appellee.

————————————

**OPINION**

————————————

RYAN, Circuit Judge. The Michigan State Unemployment Agency (UA) appeals the district court's judgment affirming the decision of the bankruptcy court.  The district court concluded that the UA's pre-petition liens on property of the Thompson Boat Company, the bankruptcy debtor, did not reattach to post-petition preference proceeds recovered by a bankruptcy trustee.  We will affirm.

**I.**

On May 19, 1993, Thompson filed a Chapter 11 petition in federal bankruptcy court.  The debtor's case was subsequently converted to an action under Chapter 7 of the Bankruptcy Code with Randall L. Frank, the plaintiff in the present case, as the trustee of Thompson's Chapter 7 estate.

————————————

* The Honorable Paul R. Matia, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

There is no dispute that the UA filed a statutory tax lien on Thompson's property for past due unemployment taxes in the Saginaw County Register of Deeds office and with the Michigan Secretary of State, in the amount of $232,825.25.  When Thompson's case was converted to a Chapter 7 action, the UA properly filed an amended claim in the bankruptcy court.  The issue in this case is whether the UA's lien extends to the proceeds, totaling over $300,000, recovered by the trustee, Frank, when he initiated preference actions against Thompson's other creditors.

The UA argues that Frank "stands in the shoes" of Thompson, and, therefore, any property recovered by him in his capacity as trustee is subject to existing statutory liens on Thompson's property.  Frank argues that the UA's lien never attached to the preference proceeds because the proceeds are not property of the debtor subject to the statutory lien, but instead are property of the estate to be distributed to Thompson's creditors under the provisions of the Bankruptcy Code.

The bankruptcy court granted Frank's motion for partial summary judgment after concluding that (1) a debtor and his estate are two separate entities; and (2) the Bankruptcy Code allows only a trustee, not debtors, to initiate a preference action to avoid certain transfers, so proceeds recovered are property of the bankruptcy estate, not the debtor.  The bankruptcy court stated that while the UA had a statutory lien on the debtor's property, that lien did not also attach to property acquired by the estate after a bankruptcy petition had been filed.  The district court reviewed the bankruptcy court's judgment under a *de novo* standard and affirmed its decision.  The UA filed a timely appeal to this court.

**II.**

In an appeal from a bankruptcy court, this court reviews the bankruptcy court's findings of fact for clear error and the district court's legal conclusions *de novo*. *In re Highland Superstores, Inc.*, 154 F.3d 573, 576 (6th Cir. 1998).  In this