BERNICE B. DONALD,
dissenting.
I write separately to express my disagreement with the outcome of this case. *379 The assigned trustee in this ease should have the same right to be exempt from the insured-versus-insured exclusion as a court-appointed trustee. The plain language reading of the insurance contract in this case and Sixth Circuit precedent both support that finding. Because this decision makes it harder for companies to emerge from bankruptcy with a consensual plan of reorganization, I respectfully dissent.
“The primary intent of the development of the ‘insured vs. insured’ exclusion was to prevent collusive lawsuits in which an insured corporation would in essence ‘force’ its insurer to pay for the poor business decisions of its officers and directors by the corporation filing an action against its own officers and directors.” Michael D. Sousa, Making Sense of the Bramble-Filled Thicket: The “Insured vs. Insured” Exclusion in the Bankruptcy Context, 23 EMORY BANKR. DEV. J. 365, 370 (2007). Many cases cited by the majority have held that court-appointed trustees are exempt from the insured-versus-insured exclusion because there is no risk of collusion since a court-appointed trustee is a completely independent entity. In fact, there is a split among “federal courts on the issue of whether a lawsuit against a corporation’s former directors and officers brought by a debtor in possession, trustee, creditors’ committee, or postconfirmation liquidating trustee triggers the ‘insured vs. insured’ exclusion in a directors and officers liability insurance policy.” Id. Functionally, however, there is no distinction between an assigned trustee that a bankruptcy court has determined is independent and does not pose a risk of collusion, and one that is appointed by a bankruptcy court and is by nature of that appointment independent. As the majority correctly noted, there are several cases that have determined a trustee does not fall under the insured-versus-insured exclusion, but all of those cases involve a court-appointed trustee rather than an assigned trustee as we have in this case.
However, there has been a move towards an examination of the plain language of the insured-versus-insured exclusion which some courts have similarly found should not extend to successors or assigns. See Alstrin v St. Paul Mercury Insurance Co., 179 F.Supp.2d 376 (D. Del. 2002); In re Molten Metal Technology, 271 B.R. 711 (Bankr. D Mass 2002); Zurich American Insurance Co. v Boyes, 2001 U.S. Dist. LEXIS 15123 (ND Tex 2001). The courts in each of these cases held that the plain language of the insured-versus-insured exclusion did not apply to claims by a trustee in bankruptcy or an estate representative, emphasizing that such claims “are not the same claims brought ‘by’ the Debtor under the exclusionary provision.” Alstrin, 179 F.Supp.2d at 404. Specifically, the Alstrin court rejected the insurance company’s argument that the insured-versusTinsured exclusion applies to the estate representative because the company’s estate and the company share the same identity. Id. Instead, the Alstrin court emphasized that the debtor’s estate representative, by way of the debtor’s estate, and the debtor are separate entities. Similar to Alstrin, the insured-versus-insured exception in Molten Metals excluded coverage for claims “brought by any Insured or by the Company.” However, the Molten Metals court noted that “Company” was “expressly defined to mean MMT [the insurance corporation] and its subsidiaries. The definition includes no reference to successors or assigns of any nature.” 271 B.R. at 725.
If we look to the plain language of the insured-versus-insured exclusion in this case, we will find the same result. The relevant portion of the Insurance Policy provides,
*380 [t]he Insurer shall not be liable to make any payment for Loss in connection with any claim made against an Insured Person ... (G) by, on behalf of, or in the name or right of, the Company or any Insured Person ...
Insurance Policy, R. 34-3, Page ID # 474. This is a common provision in director and officer insurance policies that excludes coverage for any claim made by an insured person against another insured person or the Company.
The lawsuit brought by the Liquidation Trustee against Capitol’s officers was not made “by the Company or any Insured Person” nor is it suggested that the suit is an action on “behalf of an Insured Person.” Thus, the only remaining provision of the insured-versus-insured exclusion left to potentially bar coverage for the lawsuit against Capitol’s officers pertains to actions brought in the “name or right of the Company.” Both the plain language of the insured-versus-insured exclusion and established precedent in this Circuit do not support the majority’s interpretation that the insured-versus-insured exclusion prohibits the Liquidating Trustee’s lawsuit against Capitol’s officers.
First, the plain language of the policy defines the term “Company” as:
the parent Company [i.e. Capitol Ban-corp Ltd.] and any Subsidiary created or acquired on or before the Inception Date set forth in item 2 of the Declarations or during the Policy Period, subject to General Conditions VI(D).
See Insurance Policy, R. 34-3, Page ID #454 § 11(D). The term Company, therefore, only includes “Capitol Bancorp, its Subsidiaries, and 216 entities affiliated with Capitol Bancorp, including community banks, real estate holding companies, and trust companies.” R. 35, Page ID #549 ¶ 68. The plain meaning of the insured-versus-insured exclusion does not include a debtor-in-possession or other estate representative.[1] Therefore, if the Liquidating Trustee brings a suit on behalf of the debtor-in-possession, by the plain language of the insurance policy, it is not brought on behalf of the debtor company.
In fact, this Court has explained that a debtor company is not the same as a debt- or-in-possession. In Gordon Sel-Way v. United States, this Court held that:
“[i]n Chapter 11 bankruptcy, the debtor files a petition for bankruptcy, becomes a debtor in possession, and thus succeeds to a set of statutorily defined powers and duties. The debtor in possession is considered to be a separate legal entity from the debtor himself.”
270 F.3d 280, 290 (6th Cir. 2001).
This Court also held that a bankruptcy estate and a debtor are separate legal entities. Frank v. Mich. State Unemployment Agency, 252 F.3d 852, 853 (6th Cir. 2001) (adopting district court opinion holding that debtor and estate were separate entities in the context of preference actions); Mgmt. Inv’rs v. United Mine Workers of Am., 610 F.2d 384, 392 (6th Cir. 1979) (holding that the estate, a separate legal entity, must formally abandon a claim in order for the claim to revest in the debtor).
Further, these holdings comport with fundamental principles of bankruptcy law. Although the majority contends that this “new-entity” argument would not work before bankruptcy, that is precisely the point. Upon filing a bankruptcy case, a new entity is in fact formed. Section 541 of *381 the Bankruptcy Code provides that upon filing of a case, a separate bankruptcy estate is created. 11 U.S.C. § 541. Although this “new-entity” argument may seem unfair, this is precisely the reason that many companies file bankruptcy. Companies in bankruptcy are afforded certain rights in bankruptcy that they would not be afforded outside of bankruptcy, especially in the context of contracts.[2]
The implications of this distinction extend to the Liquidation Trust in the instant case. The settlement agreement transferred all causes of actions, including any claims against Capitol’s officers, to a Liquidating Trust. The Liquidation Trust was created for the benefit of the creditors and not the debtor company. In denying the Directors’ request for indemnification from the Liquidating Trust, the bankruptcy court in the underlying bankruptcy case recognized this distinction stating:
It appears to this Court that movants are confused about the relationship between the Debtor and the Liquidating Trust. The Liquidating Trust was created by the Plan and the order confirming the Plan. Debtor and the [Liquidating] Trust are separate legal entities, separate counsel, separate assets and separate duties. To the extent movants here have a claim for indemnification, it would be against Debtors and not the [Liquidating Trustee.
(emphasis added) Indemnification Hearing Transcript, R. 35-21, Page ID #1205-06. There is no question that the Liquidating Trust, and the Liquidation Trustee by association, are separate legal entities than the debtor company Capitol. This is one of the fundamental tenants of bankruptcy law.
It is not unreasonable for the parties in this action to believe that the Liquidating Trust is a separate legal entity than the debtor Capitol, and that the Liquidating Trust, through the Liquidating Trustee, can bring actions against the Capitol’s officers that are covered by Indian Harbor. In fact, that is exactly what the parties bargained for. Case law supports the position that court-appointed bankruptcy trustee suits are exempt from the insured-versus-insured exclusion, because an independent liquidation trustee or liquidation committee is similarly situated, they should likewise be exempt.
Under the majority decision, if only court-appointed trustees are exempt from the insured-versus-insured exclusion, creditors would be required to reject any plan and instead seek appointment of a trustee in order to preserve the ability to obtain an insurance recovery'. Moreover, the insurance company would be no better off as it would be left in the same position, having to defend the directors’ claims. Although there is case law that states that court-appointed trustees are exempt from the insured-versus-insured exclusion, that does not automatically mean that assignee trustees are not given the same exemption. In fact, the majority states that that an assignee trustee is different than a court- *382 appointed trustee but does not cite any case law, nor have I found any, that suggests that an assignee trustee does not have the right to the same exemption.
Therefore, it is important to consider the effects of the majority’s determination that assigned trustees are not entitled to the same rights as court-appointed trustees. If the majority’s decision becomes settled precedent, this Court will send a clear message to creditors in chapter 11 proceedings that if claims against directors and officers are deemed to be of significant value and the plan proposes to put those claims into a trust, the creditors must not agree to a plan proposed or even agreed to by the debtor-in-possession. Instead creditors will be required to seek the appointment of a bankruptcy trustee, where appropriate, or they will have to defeat the debtor-in-possession’s plan and propose their own disclosure statement and plan. The cost in terms of professional fees and judicial resources cannot be overstated, especially in light of the fact that there would be no practical difference to the insurance companies as they would still be required to defend the directors’ and officers’ claims.
Although, as the majority suggests, the risk of collusion is surely higher when the insured individuals can negotiate and put conditions on a trustee’s right to sue them, that did not happen in this case. The policy behind the insured-versus-insured exclusion (i.e. to prevent collusion between the directors and officers and the insured company) could be problematic if the trustee is not truly independent (as is intrinsically the case with a court-appointed trustee). However that only means that the independence of the trustee should be evaluated on a case-by-case basis. See 23 EMORY BANKR. DEV. J. at 371 (suggesting that the applicability of the insured-versus-insured exclusion depends on an examination of the facts of each case and the specific language of the directors and officers liability policy under consideration); see also, e.g., In re Buckeye Countrymark, Inc., 251 B.R. 835, 839-41 (Bankr. S.D. Ohio 2000) (case doing same); Fed. Ins. Co. v. Continental Cas. Co., 2006 WL 3386625 at *9-*20 (W.D. Pa. Nov. 22, 2006) (same); Reliance Ins. Co. of Illinois v. Weis, 148 B.R. 575, 579-83 (E.D. Mo. 1992) (same).
In fact, that is exactly what the bankruptcy court did here. The bankruptcy court determined that the bankruptcy plan, which was result of negotiations between all parties in which they agreed to transfer all potential claims against Capitol’s officers to the Liquidation Trust to pursue on behalf of the creditors, was in good faith. Neither the bankruptcy court nor the district court found any evidence of collusion between the debtor company and the appointed Liquidation Trustee. Therefore, there is no reason that the assigned trustee in this case should trigger the insured-versus-insured exclusion. For those reasons, I respectfully dissent.

. Further, it is a basic rule of insurance contracts that exclusion clauses in insurance policies are to be strictly construed against the insurer and in favor of the insured. Farm Bureau Mutual Ins., Co. v. Stark, 437 Mich. 175, 468 N.W.2d 498 (1991).

. It is a fundamental tenant of bankruptcy law that parties cannot contract away certain rights that are available when a company enters bankruptcy. In fact, bankruptcy law often overrides provisions of contracts, such as anti-assignment provisions and ipso facto clauses. An example of this is an anti-assignment clause in an insurance contract. Although anti-assignment clauses are not prohibited by state law and there may not be any ambiguity in the way the clause is drafted, when a company enters bankruptcy the clause is unenforceable because of the relevant provisions of the Bankruptcy Code. See, e.g., In re Federal-Mogul Global Inc., 684 F.3d 355, 365-366 (3d Cir. 2012) (holding that insurance proceeds were assignable despite anti-assignment provisions in subject insurance policies); In re W.R. Grace & Co., 475 B.R. 34, 199 (D. Del. 2012) (same).